# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

FREDERICK BANKS, #05711-068                                                              PLAINTIFF

VERSUS                                 CIVIL ACTION NO. 5:08-cv-281-DCB-MTP

U.S. POSTMASTER YAZOO CITY, et al.                              DEFENDANTS

## ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. On September 22, 2008, an order [3] was entered denying the prisoner Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee, within twenty days. The Plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice. Instead of paying the filing fee, Plaintiff filed a motion for reconsideration [4] on September 26, 2008, and a notice of appeal [5] on September 29, 2008.

On October 27, 2008, this Court entered an order [7] which denied Plaintiff's motion for reconsideration and directed him to pay the full filing fee. This order warned the Plaintiff that his failure to pay the filing fee would result in the dismissal of this case without further written notice. Instead of paying the filing fee, Plaintiff filed a notice of appeal [8]. On

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

October 28, 2008, the Fifth Circuit dismissed Plaintiff's first appeal. On February 3, 2009, the Fifth Circuit dismissed Plaintiff's second appeal.

To date, Plaintiff has not paid the filing fee for this case, thereby failing to comply with the Court's orders of September 22, 2008, and October 27, 2008. This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

As stated above, the Plaintiff has not complied with two court orders. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall

be dismissed without prejudice. A Final Judgment in accordance with this Order will be entered.

This the    23rd    day of February, 2009.


                              s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE